**In re William Joseph DAVIS, Debtor.**

**BARTLETT FUTURES, INC., Plaintiff,**

**v.**

**William Joseph DAVIS, Defendant.**

**Bankruptcy No. 88–21825–7.**
**Adv. No. 89–0028.**

United States Bankruptcy Court,
D. Kansas.

Jan. 3, 1990.

Edward J. White, Overland Park, Kan., for debtor.

Richard C. Wallace, of Evans & Mullinix, P.C., Kansas City, Kan., for defendant.

Cynthia F. Grimes and Irvin Ness, of Stinson, Mag & Fizzell, Kansas City, Mo., for plaintiff.

David C. Seitter, Overland Park, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the December 1, 1989 hearing on Defendant's Motion for Protective Order and Defendant's Motion to Quash Subpoena to Leslie Davis. The plaintiff, Bartlett Futures, Inc., appeared through its counsel, Cynthia F. Grimes and Irvin Ness, of the law firm of Stinson, Mag & Fizzell. The defendant appeared by and through his counsel, Richard C. Wallace of Evans & Mullinix.

### FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That on December 16, 1988, defendant, William Joseph Davis (hereinafter "defendant") filed his petition under Chapter 7 of Title 11 of the United States Code.

2. That plaintiff, Bartlett Futures, acted as the primary clearing member for defendant at the Kansas City Board of Trade.

3. That a dispute arose between the two parties resulting in an adversary proceeding commencing in this Court on March 28, 1989.

4. That a pre-trial conference was held on this matter on June 23, 1989. At that time this Court entered its pre-trial order setting a discovery deadline for October 31, 1989.

5. That after hearing the motion of plaintiff to extend time for discovery, this Court extended the discovery deadline to November 15, 1989 as set out in this Court's Order dated October 30, 1989.

6. That plaintiff scheduled a deposition of Mrs. Leslie Davis for November 14, 1989. Counsel for both parties agreed that plaintiff would serve Mrs. Davis with a subpoena to compel her attendance but it would not be necessary if the defendant filed a Motion to Quash and/or a Protective Order.

7. That on November 17, 1989, defendant filed his Motion to Quash the Subpoena to Leslie Davis and his Motion for Protective Order.

8. That on December 1, 1989, this Court heard the defendant's motions and took this matter under advisement.

### ISSUE OF LAW

WHETHER THE DEFENDANT DEBTOR'S SPOUSE, WHO IS NOT A PARTY TO THE BANKRUPTCY (AND THERE IS NO CRIMINAL ISSUE INVOLVED) MAY BE COMPELLED TO TESTIFY PURSUANT TO A DEPOSITION IN HER HUSBAND'S CASE.

### CONCLUSIONS OF LAW

Pursuant to Bankruptcy Rule 9017, bankruptcy courts are required to apply the Federal Rules of Evidence to bankruptcy matters. Rule 501 of the Federal Rules of Evidence governs the area of privileges. It provides that:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, civil actions and proceedings, with respect to an element of a

**444**

claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, govern ment, State, or political subdivision thereof shall be determined in accordance with State law.

The State of Kansas has codified the marital privilege in the State statutes. K.S.A. 60–428 provides in part that:

(a) *general rule:* ... a spouse who transmitted to the other the information which constitutes the communication, has a privilege during the marital relationship which he or she may claim whether or not a party to the action, to refuse to disclose and to prevent the other from disclosing communications found by the judge to have been had or made in confidence between them while husband and wife. The other spouse or either his or her guardian or conservator may claim the privilege on behalf of the spouse having the privilege.

Thus, this Court finds, based on the Kansas State marital communication privilege, the defendant debtor in the case at bar has the right to invoke the marital communication privilege on behalf of his wife, Leslie Davis.

This Court recognizes that although it is a federal court it sits in the State of Kansas which has recognized the marital communications privilege. Moreover, Rule 501 of the Federal Rules of Evidence directs this Court to look to the state laws for guidance "whenever state law supplies the rule of decision as to a claim or defense." *In re Tidewater Group, Inc.,* 65 B.R. 179, 182 (Bankr.N.D.Ga.1986).

Furthermore, the United States Supreme Court has recognized the marital communication privilege in the federal court context. *Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). The bankruptcy courts have also recognized this privilege. *In re Mart,* 90 B.R. 547 (Bankr.S.D.Fla.1988) ("The common law privilege which either spouse may invoke against disclosure of confidential marital communications is recognized in federal courts." *Id.* at 551).

However, this Court observes that each of the cases found in Kansas

pursuant to K.S.A. 60–428 are criminal cases. *See State v. Galloway,* 235 Kan. 70, 680 P.2d 268 (1984); *State v. Newman,* 235 Kan. 29, 680 P.2d 257 (1984); *State v. Johnson,* 231 Kan. 151, 643 P.2d 146 (1982); *State v. Childers,* 222 Kan. 32, 563 P.2d 999 (1977). *Cf. New England Mut. Life Ins. Co. v. Anderson,* 888 F.2d 646 (10th Cir.1989) (Trial court did not abuse discretion in case where second husband's testimony was not allowed at trial for procurement of insurance policy when the marital privilege had not been waived regarding testimony of whether the wife conspired to kill her first husband as reported to a newspaper reporter. *Id.*) This Court is unable to find any civil cases in which this rule has been invoked when *criminal matters were also not at issue. See New England,* at 651.

Therefore, this Court concludes that the marital privilege rule is restricted to use in criminal cases, leaving the Court free to exercise its equitable discretion under § 105 of the Bankruptcy Code in this case. The Court can always examine the deposition in camera and strike the matter from the record, or in the alternative not admit it into the evidence. Thus, this Court finds that the defendant William Joseph Davis's Motion to Quash the Subpoena should be overruled.

IT IS THEREFORE, BY THE COURT, ORDERED That the defendant debtor William Joseph Davis's Motion to Quash the Subpoena to Leslie Davis be and the same is OVERRULED.

IT IS FURTHER, BY THE COURT, ORDERED That the defendant debtor William Joseph Davis's Motion for Protective Order be and the same hereby OVERRULED.

IT IS FURTHER, BY THE COURT, NOTED That this opinion is confined strictly to the issue of the marital privilege being invoked by one spouse on behalf of the other where there is no criminal issue involved.

This Memorandum shall constitute my findings of fact and conclusions of law

under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.